IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee,<br><br>Plaintiffs,<br><br>v.<br><br>BOB PROPHETER CONSTRUCTION L.L.C., an Illinois limited liability company; BOB PROPHETER AGGREGATES L.L.C., an Illinois limited liability company; BOB PROPHETER CONSTRUCTION EQUIPMENT L.L.C., an Illinois limited liability company; BOB PROPHETER CONSTRUCTION EQUIPMENT II L.L.C., an Illinois limited liability company; and BOB PROPHETER REAL ESTATE L.L.C., an Illinois limited liability company,<br><br>Defendants. | Case No.<br><br>Honorable<br>District Judge<br><br>**FILED: APRIL 17, 2008**<br>**08CV2193    AEE**<br>**JUDGE LEFKOW**<br>**MAGISTRATE JUDGE BROWN** |

## COMPLAINT

Plaintiffs Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") and Howard McDougall, one of its present Trustees, for their causes of action against Defendants Bob Propheter Construction L.L.C., an Illinois limited liability company ("Propheter Construction"); Bob Propheter Aggregates L.L.C., an Illinois limited liability company ("Propheter Aggregates"); Bob Propheter Construction Equipment L.L.C., an Illinois limited liability company ("Propheter Equipment"); Bob Propheter Construction Equipment II L.L.C., an Illinois limited liability company ("Propheter Equipment II"); and Bob

Propheter Real Estate L.L.C., an Illinois limited liability company ("Propheter Real Estate"), allege as follows:

## JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from the Pension Fund.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001, et seq. (1982). This Court has jurisdiction over this action under Sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. § 1132(e), 1132(f), and 1451(c).

3. The Pension Fund is administered at its principal place of business located in Rosemont, Illinois. Venue is proper in this District under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. § 1132(e)(2) and 1451(d). Venue is also proper in this district under the Pension Fund Trust Agreement.

## PARTIES

4. Plaintiff Pension Fund is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. § 1002(37) and 1301(a)(3), and an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3).

5. Plaintiff Howard McDougall is a present Trustee of the Pension Fund and the Trustees are collectively the plan sponsor of the Pension Fund within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A).

6. Pursuant to Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, including Plaintiff Howard McDougall, are authorized to bring this action on behalf of the Pension Fund, its participants, and beneficiaries for the purpose of collecting withdrawal liability.

7.  Defendant Propheter Construction is or was an Illinois limited liability company with its principal place of business located in the State of Illinois. Propheter Construction is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and (14)(c) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(c).

8.  Defendant Propheter Aggregates is or was an Illinois limited liability company with its principal place of business located in the State of Illinois.

9.  Defendant Propheter Equipment is or was an Illinois limited liability company with its principal place of business located in the State of Illinois.

10. Defendant Propheter Equipment II is or was an Illinois limited liability company with its principal place of business located in the State of Illinois.

11. Defendant Propheter Real Estate is or was an Illinois limited liability company with its principal place of business located in the State of Illinois.

## CLAIM FOR RELIEF

12. Propheter Construction was subject to collective bargaining agreements executed between itself and Local Unions of the International Brotherhood of Teamsters, under which it was required to make contributions to the Pension Fund on behalf of certain of its employees.

13. As of December 17, 2006, Bob Propheter directly or indirectly owned one hundred percent (100%) of Propheter Construction, Propheter Aggregates, Propheter Equipment, Propheter Equipment II, and Propheter Real Estate.

14. On December 17, 2006, Propheter Construction, Propheter Aggregates, Propheter Equipment, Propheter Equipment II, and Propheter Real Estate, and all other trades or businesses under common control with them (the "Propheter Controlled Group")

constituted a single employer within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), and the regulations promulgated thereunder.

15. The Propheter Controlled Group is the employer for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

16. On December 17, 2006, the Propheter Control Group permanently ceased to have an obligation to contribute to the Pension Fund thereby effecting a "complete withdrawal" as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

17. As a result of this complete withdrawal, the Propheter Controlled Group, incurred withdrawal liability to the Pension Fund in the amount of $228,595.59 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

18. On or about September 12, 2007, the Propheter Controller Group received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with Sections 4202(2) and 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1382(2) and 1399(c)(5)(B). The notice notified the Propheter Controller Group that it was required to discharge its liability in one lump sum in the amount of $228,595.59.

19. On or about October 3, 2007, Propheter Construction requested a review of the withdrawal liability pursuant to § 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A).

20. On or about April 7, 2008, Propheter Construction initiated arbitration with the American Arbitration Association and the Arbitration is still pending.

21. The Propheter Controller Group has failed to make the interim withdrawal liability payment to the Pension Fund and is in default within the meaning of Section 4219(c)(2), (5) of ERISA, 29 U.S.C. § 1399(c)(2), (5).

22. Consequently, the amount demanded by the Pension Fund is due and owing pursuant to Section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1) and the Propheter Controller Group is liable for the withdrawal liability in the amount of $228,595.59.

WHEREFORE, Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, one of its present Trustees, request the following relief:

A. A judgment against Defendants Bob Propheter Construction L.L.C., an Illinois limited liability company; Bob Propheter Aggregates L.L.C., an Illinois limited liability company; Bob Propheter Construction Equipment L.L.C., an Illinois limited liability company; Bob Propheter Construction Equipment II L.L.C., an Illinois limited liability company; and Bob Propheter Real Estate L.L.C., an Illinois limited liability company and on behalf of Plaintiffs, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g)(2), for:

(1) withdrawal liability in the amount of $228,595.59;

(2) interest on the entire amount of the withdrawal liability assessment computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged;

(3) an amount equal to the greater of the interest on the withdrawal liability or liquidated damages of twenty percent (20%) of the unpaid withdrawal liability; and

(4) attorney's fees and costs.

B. Post-judgment interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged; and

    C.    For such further or different relief as this Court may deem proper and just.

Respectfully submitted,

/s/ Anthony E. Napoli
Anthony E. Napoli
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Pension Fund
9377 W. Higgins Road, 10th Floor
Rosemont, Illinois  60018-4938
(847) 518-9800, Ext. 3702
ARDC # 06210910
tnapoli@centralstatesfunds.org